# EXHIBIT 9

January 16, 2026

**VIA EMAIL**

Jim Plohg, Esq.
Executive Vice President, General Counsel & Secretary
Braemar Hotels & Resorts Inc.
14185 Dallas Parkway, Suite 1200
Dallas, Texas 75254

Re:     **Request for Books and Records**

Dear Jim:

I have made several informal requests for books and records by email since joining the Board of Braemar Hotels & Resorts Inc. ("Braemar" or the "Company"). Unfortunately, those requests for basic information have for the most part been ignored. I therefore write today because of my concern that the continued lack of information will impede my ability to carry out my fiduciary obligations under Maryland law.

Directors have duties under Maryland law to manage the business and affairs of the Company. These obligations are particularly important when the Board is considering a potential strategic transaction that may include a sale of the Company as a whole or a liquidation. As the Board's newest director, I need to better inform myself about certain events within the past year to carry out my fiduciary duty. To that end, please provide me with the following books and records below:

**1.      General Strategic Process**

Prior to my joining the Board, I understand that the Board formed a special committee of independent directors (the "Special Committee"), and the Company retained Robert W. Baird & Co. ("Baird") to advise it in a strategic process, which includes solicitation of bids from third parties for a potential merger or sale of the Company (the "Strategic Process"). In connection with the Strategic Process, I request the following documents:

- The minutes or unanimous written consents of the Board by which the Special Committee was formed, and the charter or resolutions describing the powers of the Special Committee;

- All minutes of meetings, unanimous written consents and records of action of the Board and the Special Committee regarding the Strategic Process;

- All "board/committee packages" or other materials (collectively, "Materials") disseminated to the Board (or any director thereof) in preparation for or at meetings of the Board and the Special Committee regarding the Strategic Process;

- All decks and analysis prepared by Baird for the Board and Special Committee;

- To the extent not reflected in the Materials and Baird decks, documents sufficient to show (a) parties contacted by Baird; (b) which of those parties entered into a

confidentiality agreement with the Company; (c) which of those parties submitted an indication of interest to the Company; and (d) the terms of any indications of interest received.

As a point of clarification, while the Board package sent on December 15 contained summary information about the strategic process, it did not include details of bids received by Baird, and that is the kind of information needed to understand the strategic process.

**2.    Liquidation Proposal**

Since I joined the Board, Monty Bennett has proposed as an alternative to the sale of the Company, a liquidation of its assets (the "Liquidation Proposal"). In connection with the Liquidation Proposal, I request the following documents:

- All minutes of meetings, unanimous written consents and records of action of the Special Committee (or any other subcommittee of the Board empowered to consider the Liquidation Proposal) regarding the Liquidation Proposal;

- All Materials disseminated to the Special Committee or any other subcommittee of the Board regarding the Liquidation Proposal;

- To the extent not reflected in the Materials, any analysis prepared by management or Baird of the value of the Company as a whole in a sale to a third party versus the value of the Company's assets in a liquidation; and

- Any memorandum or analysis that reflects how potential conflicts of interest that may arise in connection with a liquidation of assets will be managed to ensure value is maximized for all shareholders.

**3.    Letter Agreement Regarding Termination Fee**

On August 26, 2025, the Company announced that it had entered into a letter agreement (the "Agreement") with Ashford Inc., by which the Company agreed to a calculation of a termination fee (the "Termination Fee") upon the consummation of a sale transaction. I request the following documents concerning the Agreement and Termination Fee:

- All minutes of meetings, unanimous written consents and records of action of the Board and Special Committee (or any other subcommittee of the Board empowered to consider the Letter Agreement) regarding the Termination Fee and the Letter Agreement;

- All Materials disseminated to the Board (or any director thereof) and Special Committee (or other subcommittee of the Board) regarding the Termination Fee and the Letter Agreement; and

- To the extent not reflected in the Materials, all memoranda, presentations, reports, analyses or other documentation prepared by the Company's legal counsel, independent accountants, tax advisors, financial advisors or any other advisors relating to the Termination Fee and the Letter Agreement.

**4.    Litigation Threatened by Wafic Rida Said**

The Board has been informed that Mr. Said, who is beneficial owner of approximately 9.5% of the Company's common stock, has threatened litigation against the Company based upon the Termination Fee and Letter Agreement (the "Said Demand"). The Board has also been informed that the Company is negotiating a potential settlement with Mr. Said, which may include a transaction in which he receives a hotel property in exchange for his shares. Until receipt of the January 9, 2026 letter from White & Case, I had little understanding of how and by whom this negotiation is being conducted; I still do not know what protections are in place given the potential conflicts of interest that could arise in a settlement of the Said Demand. I therefore request the following documents regarding the dispute:

- A copy of Mr. Said's draft complaint or litigation demand;
- All minutes of meetings, unanimous written consents and records of action of the Special Committee (or any other subcommittee of the Board empowered to consider the Liquidation Proposal) regarding the Said Demand;
- All Materials disseminated to the Special Committee or any other subcommittee of the Board regarding the Said Demand;
- Any memorandum or analysis that reflects how potential conflicts of interest that may arise in connection with a settlement of the Said Demand will be managed.

Please contact me so that I can arrange to review this material as soon as possible. This request is extremely time sensitive as I have already been asked to approve a number of matters at Board meetings without adequate information.

Sincerely,

*/s/ Bob Ghassemieh*

Bob Ghassemieh

cc:   Ms. Rebecca Musser
      Chair of the Audit Committee of the Board of Directors of Braemar Hotels & Resorts Inc.
      rebeccamusser1@yahoo.com